UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SONORAN SCANNERS, INC. and<br>JOSEPH P. DONAHUE,<br>　　　*Plaintiffs,*<br><br>　　v.<br><br>PERKINELMER, INC.,<br>　　　*Defendant.* | )<br>)<br>)<br>)<br>)　Civil Action No. 06-12090-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANT PERKINELMER, INC.'S MOTION FOR SUMMARY JUDGMENT**

Defendant PerkinElmer, Inc. ("PerkinElmer") hereby moves for summary judgment on all three counts in the Complaint, *i.e.*, breach of implied contract, breach of the implied covenant of good faith and fair dealing, and violation of Chapter 93A of the General Laws of the Commonwealth.

On their primary claim, the plaintiffs, Joseph Donahue ("Donahue") and Sonoran Scanners, Inc. ("Sonoran"; collectively "Plaintiffs"), bear the burden at trial of proving by a preponderance of the evidence that (1) PerkinElmer acted in bad faith and *for the purpose* of harming the Plaintiffs, (2) this purported bad faith conduct caused the Plaintiffs to incur damages, and (3) the amount of those damages is reasonably ascertainable. Plaintiffs had no support for these essential elements when they filed the Complaint in November 2006. More than eighteen months later, after thousands of pages of document production and many days of depositions in six locations in four states across the country, Plaintiffs *still* have no support for these claims and cannot meet their burden of proof. Instead, Plaintiffs apparently continue to assert, in direct contravention of the applicable legal standard, that they can prove PerkinElmer

acted in bad faith merely by demonstrating that PerkinElmer did not run the business at issue as Plaintiffs wished it had.  To prove bad faith, however, Plaintiffs will have to demonstrate that PerkinElmer acted *for the purpose* of depriving Plaintiffs of their contingent earnout payments.  Not only is evidence in support of such an allegation lacking, but such a claim defies logic in that it would require PerkinElmer to have intentionally deprived itself of several hundred million dollars in revenue to prevent Plaintiffs from receiving a small fraction of that amount in earnout payments.  Even if Plaintiffs could prove bad faith, which they still cannot, they cannot meet their burden with respect to causation or damages.

Because Plaintiffs cannot offer evidence from which a reasonable finder of fact could conclude that PerkinElmer acted intentionally and in bad faith to deprive Plaintiffs of certain contingent earnout payments thereby causing Plaintiffs to suffer an ascertainable injury, Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing must fall.  Because the Chapter 93A and breach of implied contract claims are entirely derivative of the claim for breach of the implied covenant of good faith and dealing, these claims must fall as well.  The Chapter 93A claim fails for the additional reason that the conduct Plaintiffs claim to be unfair and deceptive did not occur primarily and substantially in Massachusetts.

In support of this motion, PerkinElmer submits the accompanying Memorandum of Law[1] as well as the Declaration of Jillian B. Hirsch with supporting exhibits.

---

[1] On July 26, 2008, as soon as it became apparent to PerkinElmer that it would need slightly more than the 20 pages allotted by Local Rule 7.1(B)(4) for its memorandum of law, it filed a motion with the Court seeking leave to exceed that limit.  As of the deadline for filing, the Court had taken no action on that motion.  PerkinElmer's memorandum of law in support of its motion is 26 pages of text.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), PerkinElmer hereby requests oral argument on its Motion for Summary Judgment.

        Respectfully submitted,

        PERKINELMER, INC.

        By its attorneys,

        /s/ Jonathan I. Handler
        Jonathan I. Handler (BBO #561475)
        Jillian B. Hirsch (BBO #659531)
        DAY PITNEY LLP
        One International Place
        Boston, MA 02110
        (617) 345-4600

Dated: July 7, 2008


## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Jonathan I. Handler, hereby certify pursuant to Local Rule 7.1(A)(2), that on July 3, 2008, I conferred by telephone with Edward T. Dangel, counsel for Sonoran Scanners, Inc. and Joseph P. Donahue, regarding PerkinElmer's summary judgment motion (the "Motion"). Mr. Dangel stated that Plaintiffs oppose the Motion. Mr. Dangel also stated that he does not oppose PerkinElmer's filing of a memorandum of law in support of the Motion of greater than 20 pages in length given that PerkinElmer's motion seeking leave to exceed the 20 page limit under Loc. R. 7.1(B)(4) is pending.

        /s/ Jonathan I. Handler
        Jonathan I. Handler

## **CERTIFICATE OF SERVICE**

  I, Jonathan I. Handler, hereby certify that on this 7th day of July, 2008, I electronically filed the foregoing *Defendant PerkinElmer, Inc.'s Motion for Summary Judgment* with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

                /s/ Jonathan I. Handler
                Jonathan I. Handler