UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| _____ | ) | |
| SONORAN SCANNERS, INC. and | ) | |
| JOSEPH P. DONAHUE, | ) | |
| *Plaintiffs,* | ) | |
| | ) | Civil Action No. 06-12090-WGY |
| v. | ) | |
| | ) | |
| PERKINELMER, INC., | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

### PERKINELMER, INC.'S MOTION FOR FURTHER GUIDANCE AS TO THE COURT'S JURISDICTION AND SCHEDULING INSTRUCTIONS

Defendant PerkinElmer, Inc. ("PerkinElmer") seeks guidance from the Court with respect to the propriety and timing of further Court proceedings in light of the First Circuit's continued jurisdiction over the appeal of this matter. Specifically, PerkinElmer seeks the Court's assent to a briefing schedule with respect to all motions contemplated by the Court's December 1st deadline, which would require the filing of any such motions no later than 7 calendar days after the First Circuit's mandate issues, with any oppositions to be due within 14 calendar days thereafter.

In support of this Motion, PerkinElmer states the following:

1. The First Circuit announced its opinion and judgment affirming-in-part and reversing-in-part on October 29, 2009.

2. The First Circuit has not issued its mandate. Pursuant to Fed. R. App. P. 41(b), a mandate does not issue until after the time expires for filing a petition for rehearing or certain requests for relief. A timely petition for rehearing "stays the mandate until disposition of the petition or motion, unless the court orders otherwise." Fed. R. App. P. 41(d)(1).

3.      The district court does not reacquire jurisdiction of a remanded case until the Court of Appeals issues its mandate.  See Hickey v. Wellesley Public Schools, No. 94-1642, No. 94-1965, 1995 U.S. App. LEXIS 1392, at *1 (1st Cir. Jan. 25, 1995) ("The effect of the mandate is to bring the proceedings in a case on appeal in our Court to a close and to remove it from the jurisdiction of this Court, returning it to the forum whence it came.") (citation omitted); United States v. Rush, 738 F.2d 497, 509 (1st Cir. 1984) ("[I]t is the date on which the mandate is issued which determines when the district court reacquires jurisdiction for further proceedings.").

4.      Issuance of the First Circuit's mandate has been stayed by the timely filing of a petition for rehearing.  On November 12, 2009, PerkinElmer filed with the First Circuit a Petition for Rehearing or Rehearing *En Banc*.  The petition remains pending before the First Circuit.

5.      Accordingly, this Court will not reacquire jurisdiction over this case until the First Circuit rules on the pending petition, and then issues its mandate.

6.      During the November 5, 2009 status conference, this Court authorized the filing of additional motions and directed that any such motions be filed no later than December 1, 2009, with any oppositions to follow by 14 days.

7.      The schedule set forth by the Court could result in the filing of motions before the First Circuit issues its mandate.  In addition, the schedule set forth by the Court could result in the filing of motions that do not account for guidance the First Circuit may include in its further rulings in this case.  Moreover, the schedule set forth by the Court could result in the filing of motions that become entirely moot.

8.      For both jurisdictional and practical reasons, therefore, PerkinElmer respectfully requests the Court's assent to a schedule that would allow the parties and the Court to avoid any motion practice until after the First Circuit issues its mandate and restores the matter to this Court for further proceedings, if any.

9.      PerkinElmer recognizes the Court's desire to avoid delay once a mandate issues and therefore proposes a schedule that would require the filing of any motions contemplated by the Court's December 1, 2009 deadline promptly within 7 calendar days after the First Circuit issues its mandate, with any oppositions due 14 calendar days after the filing of any motion.

WHEREFORE, PerkinElmer requests the Court's assent to the following proposed schedule with respect to any further motion practice in the event of remand by the First Circuit:

(a)      Any motion will be due no later than 7 calendar days after the First Circuit issues its mandate; and

(b)      Any opposition will be due no later than 14 calendar days after the filing of any motion.

Alternatively, PerkinElmer requests that the Court clarify whether it expects the parties to file on December 1, 2009 any motions contemplated by the Court's existing schedule even if the First Circuit has not yet ruled on PerkinElmer's petition.

Respectfully submitted,

PERKINELMER, INC.

By its attorneys,

/s/ Jillian B. Hirsch
Jonathan I. Handler (BBO #561475)
Jillian B. Hirsch (BBO #659531)
DAY PITNEY LLP
One International Place
Boston, MA 02110
(617) 345-4600

3

### **RULE 7.1(A)(2) CERTIFICATION**

I, Jillian B. Hirsch, hereby certify pursuant to Local Rule 7.1(A)(2), that on November 23 and 24, 2009, I conferred with Edward T. Dangel, Plaintiffs' counsel, regarding the relief sought in this motion.  Counsel were unable to reach agreement on the schedule proposed in the motion.


_____/s/Jillian B. Hirsch_____
Jillian B. Hirsch

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 24, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel.

<u>/s/ Jillian B. Hirsch</u>