UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SONORAN SCANNERS, INC. and<br>JOSEPH P. DONAHUE,<br>   *Plaintiffs*<br><br>  v.<br><br>PERKINELMER, INC.,<br>   *Defendant*. | )<br>)<br>)<br>)<br>) Civil Action No. 06-12090-WGY<br>)<br>)<br>)<br>)<br>) |

## **DEFENDANT PERKINELMER, INC.'S MOTION FOR SUMMARY JUDGMENT**

  Pursuant to Fed. R. Civ. P. 56, defendant PerkinElmer, Inc. ("PerkinElmer") moves for entry of summary judgment on the sole remaining claim in this case, a breach of contract claim asserted by plaintiff Sonoran Scanners, Inc. ("Sonoran").

  On December 23, 2008, this Court entered summary judgment in favor of PerkinElmer on all claims by Sonoran and Joseph P. Donahue. On appeal, the First Circuit affirmed, with the exception of ruling that PerkinElmer had an implied contractual duty to use "reasonable efforts" to promote the business it had acquired from Sonoran. The Court of Appeals remanded to this Court the issue of whether trial is necessary on that remaining claim.

  For the reasons set forth in PerkinElmer's Memorandum in Support of Its Motion for Summary Judgment, filed herewith, summary judgment should enter because, on the undisputed facts, Sonoran cannot prevail. Active, good faith efforts satisfy the First Circuit's "reasonable efforts" obligation, and there is no dispute that PerkinElmer undertook active, substantial and sustained efforts to develop and conduct the CTP business in good faith during the three years following its acquisition. Even assuming *arguendo* the burden of proving breach was so light

that Sonoran could carry it by second-guessing PerkinElmer's discretionary management decisions, Sonoran has no admissible evidence that the business judgments it now questions caused the loss of any contingent "earnout" payments.  In addition, Sonoran cannot establish with reasonable certainty—and without resort to impermissible speculation—the amount of contingent payments that might have been payable to Sonoran if PerkinElmer made different choices and the market had been more favorable.

In addition to its supporting memorandum of law, PerkinElmer relies on its LR 56.1 Statement of Undisputed Facts, the Declaration of Guy Antley, the Declaration of Adam Beeh and the Declaration of Adam B. Ziegler, all filed herewith.

## REQUEST FOR HEARING

Pursuant to LR 7.1(D), PerkinElmer requests oral argument, as it believes argument may assist the Court in its consideration of the issues presented by this motion.

Respectfully submitted,

PERKINELMER, INC.

| | |
|---|---|
| /s/ Jillian B. Hirsch | /s/ T. Christopher Donnelly |
| Jonathan I. Handler (BBO #561475) | T. Christopher Donnelly (BBO # 129930) |
| jihandler@daypitney.com | tcd@dcglaw.com |
| Jillian B. Hirsch (BBO #659531) | Adam B. Ziegler (BBO # 654244) |
| jbhirsch@daypitney.com | abz@dcglaw.com |
| DAY PITNEY LLP | DONNELLY, CONROY & GELHAAR LLP |
| One International Place | One Beacon Street, 33rd Floor |
| Boston, MA  02110 | Boston, MA 02108 |
| (617) 345-4600 | 617-720-2880 |

Dated:  January 6, 2010

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Adam B. Ziegler, hereby certify pursuant to Local Rule 7.1(A)(2) that on January 6, 2010, I called the offices of Edward T. Dangel, counsel for Sonoran Scanners, inc. in a good faith effort to resolve or narrow the issues raised by the above motion. I was informed that Mr. Dangel is away from the office. I inquired who was handling his matters while he was out of office and who could discuss a pending matter with me in his absence, and I was told there was no one other than Mr. Dangel. I inquired as to the availability of Mr. Mattchen, and I was told he was not available. I inquired as to the available of a Mr. or Ms. Kearney, who is identified as receiving ECF-CM notices in this case, and I was told that person is no longer with the firm. I left messages with Mr. Dangel's office receptionist and on Mr. Dangel's voicemail that I was calling to confer regarding this motion. As of this filing, I have not received any return call. Moreover, PerkinElmer's expectation of filing this summary judgment was made clear to Mr. Dangel as early as November 5, 2009, during the status conference held by this Court.

/s/ Adam B. Ziegler
Adam B. Ziegler

## CERTIFICATE OF SERICE

I, T. Christopher Donnelly, hereby certify that on January 6, 2010, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

/s/ T. Christopher Donnelly
T. Christopher Donnelly