UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SONORAN SCANNERS, INC. and<br>JOSEPH P. DONAHUE,<br>　　　　*Plaintiffs*<br><br>　　　v.<br><br>PERKINELMER, INC.,<br>　　　　*Defendant*. | )<br>)<br>)<br>)<br>) Civil Action No. 06-12090-WGY<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT PERKINELMER, INC.'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS ON REASONABLE EFFORTS

Defendant PerkinElmer, Inc. responds to Plaintiff's Statement of Material Facts on Reasonable Efforts [Docket No. 81] as follows.

Local Rule 56.1 requires the party opposing a motion for summary judgment to file "a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried" and provides that facts set forth in the moving party's statement "will be deemed for purposes of the motion to be admitted by opposing parties unless controverted by the statement required to be served by opposing parties." Plaintiff Sonoran Scanners, Inc. filed its responsive statement [Docket No. 75].

In addition, Sonoran filed a separate "Statement of Material Facts on Reasonable Efforts" [Docket No. 81]. Local Rule 56.1 does not require or contemplate such a pleading. Consequently, the Rule does not require any response, paragraph-by-paragraph or otherwise.

Nevertheless, PerkinElmer wishes the record to be clear that it does not concede the accuracy or materiality of any of the facts recited in Sonoran's filing. Nor does

PerkinElmer concede that Sonoran's references to affidavits and exhibits support the asserted statements. Indeed, Sonoran has not put before the Court any admissible evidence to support many of their statements, as shown in PerkinElmer's reply memorandum [Docket No. 86] and other papers filed today.

By way of example, Sonoran statement nos. 5 and 6 assert PennySaver, Cleveland Plain Dealer, Washington Post and Los Angeles Times were "lined up to be BETA purchasers" but were "lost" "[a]s a result" of PerkinElmer's "refus[ing] to lower the price of its first machines to anything approaching a BETA deal." Sonoran has offered no testimony from anyone at those four companies. The hearsay in Bogen Aff. ¶3 and Donahue Aff. ¶¶ 5, 12 is inadmissible. All of the admissible evidence demonstrates that these four companies declined to purchase CTP machines from PerkinElmer for reasons unrelated to price. See PerkinElmer Reply Brief [Docket No. 86] at 10-12.

PERKINELMER, INC.

/s/ T. Christopher Donnelly
T. Christopher Donnelly (BBO No. 129930)
Adam B. Ziegler (BBO No. 654244)
January 29, 2010
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel.

/s/ T. Christopher Donnelly

2